UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN WILLIAMS HOWE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:19-cv-00159<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

In this action, filed on February 19, 2019, pro se and *in forma pauperis* Plaintiff John Williams Howe seeks judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1.) On April 2, 2020, the Court denied Howe's second request for appointment of counsel and extended the deadline for Howe to file a motion for judgment on the administrative record for the third time, ordering him to file any such motion by May 1, 2020, with or without counsel. (Doc. No. 26.) Howe did not do so. Accordingly, for the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.

**I.    Factual and Procedural Background**

Howe initiated this action pro se on February 19, 2019, by filing a complaint seeking benefits under Title II of the Social Security Act and an application to proceed *in forma pauperis*. (Doc. Nos. 1, 2.) After the Court granted Howe *in forma pauperis* status (Doc. No. 4), a summons

issued to the Commissioner of Social Security (Doc. No. 5), which was returned executed (Doc. Nos. 6–8). On May 6, 2019, the Commissioner answered the complaint and filed the relevant administrative record. (Doc. Nos. 13, 14.) The Court ordered Howe to file a motion for judgment on the administrative record and an accompanying memorandum of law by June 3, 2019. (Doc. No. 15.)

With the aid of former lawyer Glen Fallin, Howe filed a motion to appoint counsel and requested an extension of the deadline to file a motion for judgment on the administrative record. (Doc. No. 16.) The Court denied Howe's request for appointment of counsel, finding that this case was straightforward, that Howe had demonstrated his ability to communicate effectively with the Court, and that appointment of counsel was especially inappropriate given that Howe had stated he was actively seeking representation. (Doc. No. 17.) The Court extended Howe's deadline to file a motion for judgment on the record until August 1, 2019. (*Id.*) On that date, Howe requested a further extension of the deadline, again with Fallin's assistance. (Doc. No. 18.) The Court granted the request, giving Howe until September 9, 2019, to file a motion for judgment on the administrative record. (Doc. No. 19.)

On October 11, 2019, the Court found that Howe had "failed to file a motion for judgment on the administrative record despite receiving two extensions of the deadline to do so" and ordered him to show cause why this action should not be dismissed without prejudice for failure to prosecute under Rule 41(b). (Doc. No. 23, PageID# 736.) Howe did not respond. However, because the show-cause order did not set a deadline for Howe's response, and considering his pro se status, the Court ordered him to show cause by December 23, 2019, why this action should not be dismissed without prejudice for failure to prosecute under Rule 41(b). (Doc. No. 24.)

Howe responded by the deadline, again with Fallin's aid. (Doc. No. 25.) Howe stated that Fallin had continued unsuccessfully to try to find Howe legal representation and that Howe's health had deteriorated significantly since his last filing. (*Id.*) Howe argued "that appointment of counsel or some other measure allowing [him] to obtain competent assistance is manifestly necessary to allow him to participate meaningfully in the instant litigation." (*Id.* at PageID# 739.) On April 2, 2020, the Court found that, although Howe had adequately responded to its show-cause order, appointment of counsel remained unwarranted. (Doc. No. 26.) The Court ordered Howe to file a motion for judgment on the administrative record by May 1, 2020, regardless of whether he had retained counsel, and warned that, "absent extraordinary circumstances," there would be no further extension of that deadline. (*Id.* at PageID# 744.) The Court also warned Howe that failure to comply with its order would likely lead to a recommendation that this case be dismissed without prejudice under Rule 41(b) for failure to prosecute. (Doc. No. 26.) Howe did not file a motion for judgment on the administrative record, or anything else, by the Court's deadline.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid

unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Howe.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Here, Howe has not filed a motion for judgment on the administrative record despite receiving three extensions of the deadline to do so. Even if these failures were not motivated by bad faith, Howe's inaction still reflects "willfulness and fault" for purposes of Rule 41(b). *See Lannom v. Soc. Sec. Admin.*, No. 1:18-cv-00069, 2019 WL 5101168, at *2 (M.D. Tenn. Oct. 11, 2019) (finding that plaintiff's failure to file a motion for judgment on the administrative record and respond to the court's show-cause order amounted to fault supporting dismissal), *report and recommendation adopted*, 2020 WL 70941 (M.D. Tenn. Jan. 7, 2020); *see also Overton v. Berryhill*, No. 3:16-1484, 2017 WL 998283, at *1 (M.D. Tenn. Mar. 15, 2017) (same), *report and recommendation adopted sub nom. Overton v. Soc. Sec. Admin.*, 2017 WL 1317546 (M.D. Tenn. Apr. 10, 2017). This factor weighs in favor of dismissal.

#### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*,

*Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, the Commissioner has answered the complaint and filed the administrative record. (Doc. Nos. 13, 14.) Those steps are typical of the early stages of social security litigation and were not necessitated by Howe's delay. *See Schafer*, 529 F.3d at 739; *see also Lannom*, 2019 WL 5101168, at *2. Therefore, the Commissioner has not wasted substantial time, money, or effort due to a lack of cooperation by Howe, and this factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court explicitly warned Howe that failure to file a motion for judgment on the administrative record by May 1, 2020, would likely lead to a recommendation that this action be dismissed for failure to prosecute. (Doc. No. 26.) Accordingly, this factor weighs in favor of dismissal. *See id.*

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for failure to prosecute.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 12th day of May, 2020.

ALISTAIR E. NEWBERN
United States Magistrate Judge